UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  :
**CHARLESETTA O'NEAL BEY**,[1] :
  :
              Plaintiff, :
  : **MEMORANDUM AND ORDER**
     – against – : 21-CV-7138 (AMD) (VMS)
  :
**KECIA O'NEAL** and **STATE OF NEW YORK**,[2] :
  :
             Defendants. :
  :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On December 22, 2021, the plaintiff, Charlesetta O'Neal Bey, filed this *pro se* civil action, along with a request for a temporary restraining order. Her application to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915, for the limited purpose of this Order.[3] For the reasons that follow, the complaint is dismissed.

## BACKGROUND

The plaintiff captions the submission as "Complaint in the Form of an Affidavit," and refers to herself as a "Moorish American National[]." (ECF No. 1 at 1.) As the basis for this

---

[1] The plaintiff includes a series of Latin terms to describe herself, and refers to herself as "Petitioner" and to the opposing parties as "Defendant/Trustee." The Court refers to the parties as "the plaintiff" and "the defendants."

[2] The plaintiff's caption names "KECIA ONEAL, ex rel. STATE OF NEW YORK." The complaint does not allege that Kecia O'Neal is appearing on behalf of the State of New York. Indeed, the complaint does not assert any claims against the state. Although the caption does not include the apostrophe, the body of the complaint spells Kecia's surname as "O'Neal."

[3] In her IFP application, the plaintiff states that she is unemployed and receives no funds from any source, owns no assets of any kind, and is supported by in-kind charitable contributions from "JCI Family Trust." (ECF No. 2.) Using a trust to shield assets does not prove indigency. If the plaintiff files other cases in this Court, the Court may require more specific details about her financial circumstances to determine whether she is truly indigent and unable to pay the filing fee.

Court's jurisdiction, she cites 28 U.S.C. §§ 1331 and 1332; a repealed provision of the United States Code, 28 U.S.C. § 1504; the jurisdictional provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d); and 28 U.S.C. § 1367 for "pendent state law claims." (*Id.* at 2.)

The plaintiff states that she lived at 408 Vanderbilt Avenue in Brooklyn for 54 years with her father, Charles O'Neal, her stepmother, Audrey Suggs-O'Neal, and the plaintiff's biological sister and Audrey's daughter, Kecia O'Neal. (*Id.*) The plaintiff "contributed time, energy and equity" in the property and made "monthly donations towards the upkeep and maintenance." (*Id.*) Charles died in August 2019, and Audrey died in December 2020. (*Id.*) Charles executed a will in 2015 that named Audrey as executor of his estate, and the plaintiff and Kecia as beneficiaries. (*Id.* at 3.) The plaintiff states that Audrey also executed a will in 2015, naming Charles as executor and leaving "several bank accounts" to the plaintiff and Kecia. (*Id.*) The plaintiff alleges that Audrey executed a new will on August 10, 2020 "under suspicious circumstances gifting her daughter Kecia O'Neal the Estate and excluded Charlesetta O'Neal entirely from the estate." (*Id.*) Audrey died on December 3, 2020. (*Id.* at 4.)

The plaintiff "challenge[s] the validity of the second will due to unduly influence and testamentary capacity at time of execution which all took place during the height of the pandemic and Kecia under the guise of the pandemic isolating [Audrey] from everyone including [the plaintiff] and feeding her all sorts of fraudulent calumny." (*Id.*) She asks this Court to "pronounce the invalidity of" and "terminate [Audrey's] second will," "allow both [the plaintiff] and Kecia O'Neal to share equally in the estate of their father and mother," and "reach some equitable resolution that is both fair to both [the plaintiff] and [the] [d]efendant." (*Id.* at 4-5.)

2

**DISCUSSION**

A federal court must "liberally construe[]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8. I must dismiss *sua sponte* an IFP action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must grant leave to amend where a liberal reading of a *pro se* plaintiff's complaint "gives any indication that a valid claim might be stated." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Federal courts do not have jurisdiction over all disputes. Rather they have jurisdiction only when a "federal question" is presented, or when plaintiffs and defendants are citizens of different states—"diverse in citizenship" in other words— and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

Although the plaintiff cites various federal statutes, (ECF No. 1 at 2), and asserts diversity jurisdiction pursuant to section 1332, this Court does not have jurisdiction over this complaint. The plaintiff does not provide service addresses for either of the defendants, but implies in the complaint that both Kecia and the plaintiff live in New York. (ECF No. 1 at 1 (listing the defendant's Brooklyn address); *id.* at 5 (listing the plaintiff's Brooklyn address).) As diversity is not complete, the Court cannot exercise diversity jurisdiction over the action.[4]

Moreover, none of the plaintiff's claims arise under federal law. The plaintiff cites the jurisdictional provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), but she has not alleged that the defendants are debt collectors subject to that law. *See Carrington v. Chrysler Fin.*, No. 10-CV-1024, 2010 WL 1371664, at *1-2 (E.D.N.Y. April 6, 2010) ("To make out a claim under the FDCPA, Plaintiff must show that (1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." (internal quotation marks and citations omitted)). The Court can find no other basis for federal question jurisdiction in the complaint. Instead, the plaintiff appears to challenge the validity of her stepmother's will. That claim is purely a state law matter, which the plaintiff could raise in New York's Surrogate's Court. If the plaintiff believes that she has contract claims based on her contributions to the property or to the family, those potential claims are also a matter of state law

---

[4] "The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007). Because there is no diversity, the probate exception does not apply.

that may be raised in state courts. The Court cannot exercise federal question jurisdiction over the action.

Finally, the Court cannot exercise supplemental jurisdiction over the plaintiff's state law claims pursuant to section 1367. Subsection (a) of that section provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The plaintiff has not asserted any claims within the Court's original jurisdiction.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. The plaintiff's motion for a temporary restraining order is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

                                                       s/Ann M. Donnelly
                                                       ANN M. DONNELLY
                                                       United States District Judge

Dated: Brooklyn, New York
         January 12, 2022